# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS
**ATTORNEY GENERAL**


July 7, 1960

Mr. Steve Preslar
County Attorney
Upton County
Rankin, Texas

Opinion No. WW-873

Re: Does the Commissioners Court of Upton County have authority to establish a separate Board of Managers for County Hospitals or must such hospitals be operated by a single Board of Managers.

Dear Mr. Preslar:

Your letter and accompanying brief requesting an opinion of this Department regarding the above question states in part as follows:

"Upton County owns and operates two County Hospitals, one in the City of Mc-Camey and one in the City of Rankin, some twenty miles apart, which were acquired under authority of Article 4478 in the year 1952. Such hospitals have, since their acquisition, been operated by a single Board of Managers, but the Commissioners Court has now established a separate Board of Managers for each hospital as more fully appears from the copy of the Resolution attached hereto . . . "

Article 4478, Vernon's Civil Statutes, reads in part as follows:

"The commissioners court of any county shall have power to establish a county hospital and to enlarge any existing hospitals for the care and treatment of persons suffering from any illness, disease or injury, subject to the provisions of this chapter. At intervals of not less than twelve months, ten per cent of the qualified property tax paying voters of a county may petition such court to provide for the establishing or enlarging of a county hospital, in which event said court

within the time designated in such petition shall submit to such voters at a special or regular election the proposition of issuing bonds in such aggregate amount as may be designated in said petition for the establishing or enlarging of such hospital. Whenever any such proposition shall receive a majority of the votes of the qualified property tax payers voting at such election, said commissioners court shall establish and maintain such hospital and shall have the following powers:

".  .  .

"2. To purchase or erect all necessary buildings, make all necessary improvements and repairs and alter any existing buildings, for the use of said hospital. The plans for such erection, alteration, or repair shall first be approved by the State Health Officer, if his approval is requested by the said commissioners court.

".  .  .

"4. To issue county bonds to provide funds for the establishing, enlarging and equipping of said hospital and for all other necessary permanent improvements in connection therewith; to do all other things that may be required by law in order to render said bonds valid.

"5. To appoint a board of managers for said hospital.

".  .  ."

Article 4490, Vernon's Civil Statutes, reads in part as follows:

"When deemed advisable by the commissioners court, and approved by the State Board of Health, a county may maintain more than one county hospital for the purpose aforesaid. Id."

According to the official bond transcript filed in the office of the Comptroller of the State of Texas, on the 16th day of April, 1952, the Commissioners Court of Upton County, Texas, after being petitioned by ten percent (10%) of the qualified voters followed by an election as required by law ordered that Upton County Hospital Bonds be issued, proceeds therefrom to be used for the following purpose:

"BE IT ORDERED, ADJUDGED AND DECREED BY THE COMMISSIONER'S COURT OF UPTON COUNTY, TEXAS:

"1. That the bonds of said County to be known as 'Upton County, Texas, Hospital Bonds, Series 1952', be issued under and by virtue of the Constitution and laws of the State of Texas, and particularly under the provisions of Article 4478, Revised Civil Statutes of Texas, 1925, for the purpose of providing funds for the establishing and equipping of a County Hospital, by purchasing the existing hospital building and equipment in McCamey and constructing and equipping a hospital building in Rankin, acquiring any necessary land therefor, and for all other necessary permanent improvements in connection therewith." (Emphasis added)

It has been said many times that the general rule relative to the proper interpretation of statutes is that the intention and meaning of the Legislature must be ascertained from the language of the statutes comprising the subject, read as a whole. Article 4478-4494a, Vernon's Civil Statutes, are the statutes giving power to the Commissioners Court to establish a County Hospital and to enlarge existing hospitals. These statutes, and particularly Article 4478, Vernon's Civil Statutes, make provisions for "a county hospital," the singular and never the plural being used in said statutes. The only statutes which could be construed to mean more than "a county hospital" are Article 4493, which is only applicable in counties which may have a city of more than 10,000 population, and Article 4494, which authorizes two or more adjacent counties to join for the purposes of this law and erect one or more hospitals for their joint use, but neither statute applies here since there is not city in Upton County with a population exceeding 10,000 inhabitants, nor is there any question here of joint ownership between two counties.

We would also like to refer, again, to the order of the Commissioners Court, dated April 16, 1952, authorizing the issuance of bonds for the building of "a county hospital." This order, in addition to the language in the above statutes, makes it abundantly clear that only one hospital was intended in Upton County, the hospital to include two units, one in McCamey, Texas, and one in Rankin, Texas.

It is, therefore, the opinion of this Department that the Commissioners' Court of Upton County, Texas, did not have the statutory authority to establish two separate hospitals from the proceeds of the one bond election under the facts stated but, on the contrary, were authorized to establish only one county hospital consisting of two units, one to be located in McCamey, Texas, and one to be located in Rankin, Texas. It is not necessary here to answer the question as to whether, under Article 4490, Vernon's Civil Statutes, more than one hospital can be maintained in a county, as mentioned in your brief, but we will point out that in Attorney General's Opinion No. O-6824, it was stated that additional hospitals could be maintained under this statute.

Since, in our opinion, it has been established that only one county hospital was authorized in Upton County, we now consider your original question as to separate Boards of Managers for the hospital unit in McCamey and the hospital unit in Rankin, Texas, and in doing so we call your attention to Article 4479, Vernon's Civil Statutes, which provides in part as follows:

> "When the commissioner's court shall have acquired a site for such hospital and shall have awarded contracts for the necessary buildings and improvements thereon, it shall appoint six resident property taxpaying citizens of the county who shall constitute a board of managers of said hospital. The term of office of each member of said board shall be two years, except that in making the first appointments after this Act takes effect three members shall be appointed for one year and three members for two years so that thereafter three members of said board will be appointed every two years. . . ."

In addition, we would like to quote from the Summary in Attorney General's Opinion No. V-610 as follows:

"Anderson County is authorized to vote bonds under Article 4478, et seq., for the purpose of 'establishing . . . and equipping a county hospital.' If the election carries, then the Commissioners' Court in the exercise of its discretion, may establish such hospital at Palestine with additional buildings at Elkhart and Frankston. Said hospitals should operate under one board of managers, Art. 4479, V. C. S."

After further research and consideration, the opinion of this Department remains the same as in the above quoted opinion. Therefore, we again state that, under Article 4479, Vernon's Civil Statutes, only one board of managers may be appointed for a county hospital and that since only one county hospital, consisting of two units, was authorized by the order of the Upton County, Texas, Commissioners' Court on April 16, 1952, it is our opinion that only one board of managers may be appointed to manage the two units which comprise the county hospital in Upton County.

## SUMMARY

The Commissioners Court of Upton County is authorized to appoint only one Board of Managers for the County Hospital in Upton County, said hospital consisting of two units, one unit in McCamey, Texas, and the other in Rankin, Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Iola B. Wilcox
Iola B. Wilcox
Assistant

IBW:mm

APPROVED:

OPINION COMMITTEE
Gordon C. Cass, Chairman

Houghton Brownlee, Jr.
C. Dean Davis
J. Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore